JASON B. MOLLICK
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
Email: jmollick@wsgr.com

*Counsel for Alphabet Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NIJO MILLS, *pro se*, | Case No. 16-cv-4669 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| APLHABET INC., | |
| Defendant. | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446, Defendant Alphabet Inc. ("Alphabet") hereby removes the above-captioned action from the Civil Court of the City of New York for the County of New York, in which it is now pending, to the United States District Court for the Southern District of New York.  The grounds for removal are as follows:

**BACKGROUND**

1.      On or about May 6, 2016, Plaintiff Nijo Mills filed a Summons with Endorsed Complaint (the "Summons and Complaint") against Alphabet in the Civil Court of the City of New York for the County of New York (the "Civil Court"), entitled *Nijo Mills v. Alphabet Inc.*, Index No. CV-008037-16/NY (the "State Court Action").

2.      Alphabet was served with the Summons and Complaint at its offices in New York City on May 31, 2016.  A true and correct copy of the Summons and Complaint served on Alphabet is attached hereto as <u>Exhibit A</u>.

3.      Plaintiff also filed in the Civil Court (but never served) an Application for a Summons (the "Application").  A true and correct copy of the Application is attached hereto as <u>Exhibit B</u>.

4.      The Summons and Complaint consists of a single sentence describing Plaintiff's allegations against Alphabet, and therefore does not come close to stating a claim.  Nevertheless, Plaintiff purports to assert claims of "copyright infringement" and "emotional distress" against Alphabet, and seeks damages in the amount of $24,000 with interest.  Ex. A.  The Application states that both causes of action arise from an occurrence on September 9, 2013 at "2155 University Avenue."  Ex. B.

5.      Based on Plaintiff's allegations filed with the Civil Court, and for the reasons discussed below, Alphabet is timely removing the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441, and 1446.

<u>**GROUNDS FOR REMOVAL**</u>

6.      This Court has jurisdiction over this action based on the existence of a federal question under the Copyright Act.

7.      Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

8.      This Court has original jurisdiction over Plaintiff's claim for copyright infringement (which arises under the Copyright Act, 17 U.S.C. § 501) pursuant to 28 U.S.C. §§ 1331 and 1338.  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  In particular, under 28 U.S.C. § 1338(a), the district courts have sole and exclusive jurisdiction "of any civil action arising under any Act of Congress relating to … copyrights[.]"

9.      This Court also has supplemental jurisdiction over Plaintiff's claim for emotional distress pursuant to 28 U.S.C. § 1367(a), which states that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Here, Plaintiff alleges that his copyright infringement and emotional distress claims arise from the same date and place of occurrence (September 9, 2013 at "2155 University Avenue").  As such, based on Plaintiff's filings in the State Court Action, the emotional distress claim forms part of the same case or controversy as the copyright infringement claim over which this Court has sole and exclusive original jurisdiction.

## VENUE AND PROCEDURAL REQUIREMENTS

10.     Venue lies in the United States District Court for the Southern District of New York because Plaintiff's State Court Action was filed and is pending in the Civil Court of the City of New York for the County of New York, which is within this federal judicial district and division.  *See* 28 U.S.C. § 1446(a).

11.    This Notice of Removal is timely because no more than 30 days have elapsed since Alphabet was served with the Summons and Complaint on May 31, 2016.  *See* 28 U.S.C. § 1446(b)(1).

12.    Upon receiving filed-marked copies of this Notice of Removal and Alphabet's accompanying filings, such documents will be served upon Plaintiff and filed with the Clerk of the Civil Court.  *See* 28 U.S.C. § 1446(d).

WHEREFORE, as all requirements of 28 U.S.C. §§ 1441 and 1446 have been met, Alphabet respectfully requests that the action titled *Nijo Mills v. Alphabet Inc.*, Index No. CV-008037-16/NY, pending in the Civil Court of the City of New York for the County of New York, be removed to this Court, and that this Court exercise its subject-matter jurisdiction over this action, and grant such other relief as the Court may deem just and proper.

Dated:  June 20, 2016                     WILSON SONSINI GOODRICH & ROSATI
                                          Professional Corporation

                                          By:  *s/ Jason B. Mollick*_____

                                          Jason B. Mollick
                                          1301 Avenue of the Americas, 40th Floor
                                          New York, New York 10019
                                          Phone: (212) 999-5800
                                          Fax: (212) 999-5899
                                          Email: jmollick@wsgr.com

                                          *Counsel for Alphabet Inc.*