UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                     :
NIJO MILLS,                   :
                     :
                  Plaintiff,   :
                     :                16-CV-4669 (VSB)
          -v-                   :
                     :                **OPINION & ORDER**
ALPHABET INC., et al.,       :
                     :
                  Defendants.  :
                     :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/2018

Appearances:

Nijo Mills
New York, New York
*Pro Se Plaintiff*

Jason B. Mollick
Wilson Sonsini Goodrich & Rosati, P.C.
New York, New York
*Counsel for Defendant Alphabet Inc.*

Jennifer Philbrick McArdle
Satterlee Stephens LLP
New York, New York
*Counsel for Defendant Cengage Learning Holdings II, Inc.*

VERNON S. BRODERICK, United States District Judge:

        Pro se Plaintiff Nijo Mills brings this action against Alphabet Inc. ("Alphabet") and

Cengage Learning Holdings II, Inc. ("Cengage") (collectively, "Defendants"), asserting claims

for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., copyright

infringement in violation of the Copyright Act, 17 U.S.C. § 101, et seq., intentional and negligent

infliction of emotional distress, unjust enrichment, violation of the Federal Trade Commission

Act (the "FTC Act"), 15 U.S.C. § 41, et seq., and violation of the New York Arts and Cultural

Affairs law ("NYACAL"). (Doc. 17.) Currently before me is Defendants' motion to dismiss all of Plaintiff's claims. (Doc. 32.) Because Plaintiff has demonstrated no trademark rights to the names "google" or "alphabet," did not register what he claims is his logo with the United States Copyright Office before filing suit, asserts claims for emotional distress and unjust enrichment that are preempted by the Copyright Act, and because the FTC Act does not create a private right of action and the NYACAL is inapplicable to the allegations in this case, Defendants' motion to dismiss is GRANTED.

I. **Background**[1]

Plaintiff asserts that on January 5, 1996, at his residence on the island of Saint Thomas in the United States Virgin Islands, he decided to develop a website that would include innovative features including an Internet search engine. (Am. Compl. ¶¶ 9, 12, 14.)[2] After brainstorming the idea for his website, Plaintiff sought to come up with a name for the product. (*Id.* ¶ 10.) Plaintiff states that he first thought of the word "goggles" because "many people and computer enthusiasts wore spectacles." (*Id.*) Next, Plaintiff thought of the word "doodle" in order to attract members of the general public who might not have a particular interest in computers. (*Id.* ¶ 11.) Ultimately, Plaintiff decided to combine the two words, thereby arriving at the name "google." (*Id.*)

Later that day, Plaintiff claims that he began to design a logo for the website on a piece of paper. (*Id.* ¶¶ 12, 14.) Plaintiff alleges that the drawing combined the name "google" with a picture of a radio, a guitar, and the phrase "What if the whole world ROCKED!" (*Id.* ¶¶ 14–17,

---

[1] I assume Plaintiff's allegations contained in the Amended Complaint, (Doc. 17), to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "Am. Compl." refers to Plaintiff's Amended Complaint, dated October 26, 2016. (Doc. 17.)

2

Ex. A.) Plaintiff states that the homonym "rock" meant rock and roll, but also referred to the island of Saint Thomas, which is nicknamed "the rock." (*Id.* ¶ 17.) On the back of the paper, Plaintiff purportedly rewrote the name "google" in pencil and designated specific colors for each letter of the word. (*Id.* ¶ 18.) Plaintiff contends that he also came up with the alternative name "alphabet" for his website. (*Id.* ¶ 20.)

Plaintiff maintains that when he came up with the names "google" and "alphabet" and created the logo, an unnamed individual, identified in the Amended Complaint as "Individual 1," was with Plaintiff in his apartment. (*Id.*) Soon after Plaintiff had created the logo, developed a color scheme for it, and written the word "google" on both sides of the paper, Individual 1 stole the paper and took it to a nearby parking lot. (*Id.* ¶ 24.) Plaintiff states that three unnamed co-conspirators were waiting for Individual 1 in a car in the parking lot. (*Id.*) Individual 1 then showed the piece of paper to the co-conspirators, at which point they all shook hands and drove away. (*Id.*)

Plaintiff says he first learned about Google, Inc. and its search engine in 2002 while taking pre-college courses at Bronx Community College.[3] (*Id.* ¶ 27.) Plaintiff "automatically knew it was the name [he] invented" and that Google had "violated trademark laws by willfully using an unauthorized trademark as a brand, logo, and domain name for their company." (*Id.*) Plaintiff complains that Alphabet and Google used Plaintiff's exact name, colors, and design for its logo without Plaintiff's consent or authorization. (*Id.* ¶ 23.)

Plaintiff further contends that in September 2013 he saw an unauthorized reproduction of

---

[3] According to Defendants, Alphabet is the parent holding company of Google, Inc. ("Google"), an online service provider that maintains and operates an Internet search engine, along with a variety of other products and services. (Alphabet Mem. 3.) Google was founded in September 1998 by two Ph.D. students at Stanford University named Larry Page and Sergey Brin. (*Id.*; *see also Celorio v. Google Inc.*, No. 1:11-cv-79-SPM-GRJ, 2012 WL 12861605, at *1 (N.D. Fla. Nov. 19, 2012).) "Alphabet Mem." refers to the Memorandum of Law in Support of Defendant Alphabet Inc.'s Motion to Dismiss, dated June 9, 2017. (Doc. 33.)

his purported logo in a book published by Cengage, titled "Management 10th Edition," that he purchased at the Bronx Community College bookstore. (*Id.* ¶¶ 29–30.) Plaintiff claims that seeing the image caused him anxiety and other emotional distress. (*Id.* ¶¶ 26, 28, 31, 32, 39.) Plaintiff alleges that the book indicated that the original drawing of the logo was sited at the Doodle Museum, located at Google's headquarters in Mountain View, California. (*Id.* ¶ 33.)

## II.     Procedural History

On May 6, 2016, Plaintiff filed a Complaint against Alphabet in New York state court. (Doc. 1-1.) The Complaint consisted of a single sentence alleging that Alphabet was liable for $24,000, with interest, based on "copyright infringement" and "emotional distress." (*Id.*) On June 20, 2016, Alphabet removed the Complaint to this Court based on the existence of a federal question under the Copyright Act. (Doc. 1.)

On June 27, 2016, Alphabet filed a letter requesting leave to file a motion to dismiss Plaintiff's Complaint. (Doc. 7.) I directed the parties to appear for a pre-motion conference on August 26, 2016. (Doc. 11.) Prior to the conference, on August 17, 2016, Plaintiff filed a motion to amend his pleading. (Doc. 12.) On August 23, 2016, Alphabet responded with a supplemental letter arguing that Plaintiff's proposed amended causes of action were implausible and failed to state a claim. (Doc. 13.) At the pre-motion conference, I granted Plaintiff's request to file an amended complaint.

On October 25, 2016, Plaintiff filed his Amended Complaint, adding Cengage as a Defendant. (Doc. 17.) On March 8, 2017, Plaintiff submitted an application to proceed in forma pauperis. (Doc. 19.) On March 9, 2017, Alphabet indicated that it did not oppose the request, (Doc. 20), and I granted it, (Doc. 21). In its March 9 letter, Alphabet also requested that I dismiss the Amended Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 20.)

On March 24, 2017, counsel for Cengage appeared in the case, (Doc. 22), and filed a letter indicating that Cengage would join in the letter request filed by Alphabet for dismissal sua sponte, (Doc. 23). On March 30, 2017, Plaintiff filed a letter in opposition to Defendants' request to dismiss the Amended Complaint sua sponte and requesting an opportunity to respond. (Doc. 24.) On April 3, 2017, I declined to dismiss the Amended Complaint sua sponte and instructed Defendants to file pre-motion letters in anticipation of their motions to dismiss the Amended Complaint. (Doc. 26.)

On April 21, 2017, Defendants filed their pre-motion letters, (Docs. 28, 29), and on May 12, 2017 Plaintiff submitted a letter in opposition, (Doc. 30). On May 16, 2017, I again declined to dismiss this action sua sponte, but granted Defendants' request to file their motions to dismiss. (Doc. 31.)

On June 9, 2017, Alphabet filed its motion to dismiss, (Doc. 32), along with a memorandum in support, (Doc. 33), and a request for judicial notice with exhibits, (Doc. 34). On June 9, 2017, Cengage filed a notice of joinder in Alphabet's motion to dismiss. (Doc. 35.) On July 31, 2017, Plaintiff filed an opposition to the motion, (Doc. 36), along with a declaration in support, (Doc. 37). On August 18, 2017, Alphabet filed a reply, (Doc. 38), along with a supplemental request for judicial notice with exhibits,[4] (Doc. 39). On August 18, 2017, Cengage filed a reply in further support of its notice of joinder in Alphabet's motion to dismiss, (Doc. 41), at which point the motion was fully briefed.

---

[4] It is not necessary for me to take judicial notice of any facts in order to issue a decision on the present motion. Accordingly, I have not considered the facts set forth in Alphabet's requests for judicial notice.

### III. Legal Standards

#### A. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

#### B. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Further,

pleadings of a pro se party should be read "to raise the strongest arguments that they suggest."
*Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation
marks omitted). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff
fails to state a plausible claim supported by more than conclusory factual allegations. *See
Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally
construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y.
Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV. Discussion

Defendants move to dismiss all causes of action of the Amended Complaint, arguing both that Plaintiff's claims are implausible under Federal Rule of Civil Procedure 8, and that Plaintiff's Amended Complaint fails to state any claims and are barred as a matter of law under Federal Rule of Civil Procedure 12(b)(6). (Alphabet Mem. 8–9.) Because I find that Plaintiff has failed to state a claim upon which any relief may be granted, I do not address Defendants' argument regarding plausibility. I address each cause of action asserted in the Amended Complaint in turn below.

### A. *Trademark Infringement*

Plaintiff alleges that Defendants "[i]llegally acquired [Plaintiff's] trademark, then replicated the information for [Defendants'] logo, domain, and products," in violation of the Lanham Act. (Am. Compl. ¶¶ 47–48.)

"To succeed on a federal claim for trademark infringement, the plaintiff must, as an initial matter, show that it has a valid mark that is entitled to protection." *Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*, 838 F. Supp. 2d 141, 152–53 (S.D.N.Y. 2011), *aff'd*, 508 F. App'x 31 (2d Cir. 2013). In the absence of federal registration of a mark, a plaintiff must show that it

7

has common law trademark rights based on "actual use of [the] mark in a genuine commercial transaction." *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 365, 370 (S.D.N.Y. 2007) (citation omitted); *see also Gameologist*, 838 F. Supp. 2d at 154 ("The right to exclusive use of a trademark derives from the use in commerce of the mark, rather than from the mark's mere adoption."). "There must be a trade in the goods sold under the mark or at least an active and public attempt to establish such a trade. Absent these elements, no trademark can be created or exist." *Momentum Luggage & Leisure Bags v. Jansport, Inc.*, No. 00 CIV. 7909(DLC), 2001 WL 830667, at *5 (S.D.N.Y. July 23, 2001), *aff'd*, 45 F. App'x 42 (2d Cir. 2002); *see also Pub. Free Will Corp. v. Verizon Commc'ns Inc.*, No. 15-CV-6354 (RRM) (JO), 2017 WL 1047330, at *3–4 (E.D.N.Y. Mar. 17, 2017) (granting motion to dismiss based on plaintiff's failure to plausibly allege that it had used its trademark in commerce and possessed a protectable mark under the Lanham Act).

Plaintiff's cause of action for trademark infringement is plainly deficient, and borders on frivolous. Plaintiff does not assert that his purported marks—"google" and "alphabet"—were federally registered or that they were used by him or anyone else in any form of commerce or trade. Plaintiff merely states that he conceived the name "google" for a theoretical search engine, which he never created, and considered the name "alphabet" as an alternative name. Plaintiff contends that he wrote the name "google" on a piece of paper, and uttered the word "alphabet" to an unnamed individual, on one occasion over twenty years ago.

Accordingly, Plaintiff does not plausibly allege a cause of action for trademark infringement since he neither registered the marks "google" or "alphabet" nor used them in commerce, and his claim for trademark infringement must be dismissed.[5]

---

[5] Defendants also argue that Plaintiff's trademark infringement claim should be dismissed because it is barred by the doctrine of laches and because Google has developed an "incontestable" right to use its name under the Lanham Act.

8

**B.**     *Copyright Infringement*

Plaintiff claims that Defendants infringed his copyright in the logo he allegedly drew in 1996. (Am. Compl. ¶¶ 40–43.)

"To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (internal quotation marks omitted). With regard to the third prong—known as the registration requirement—the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). "Courts in this Circuit require that a plaintiff either hold a valid copyright registration or have applied and been refused a registration as a prerequisite to filing a civil claim." *Klauber Bros. v. Russell-Newman, Inc.*, No. 11 Civ. 4985(PGG), 2013 WL 1245456, at *4 (S.D.N.Y. Mar. 26, 2013) (citation omitted), *aff'd sub nom. Klauber Bros. v. Bon-Ton Stores, Inc.*, 557 F. App'x 77 (2d Cir. 2014). Section 411(a) "imposes a bar to copyright infringement claims where a plaintiff has not either received or been denied a copyright registration at the time such a claim is interposed." *Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, No. 09 CV 2669(LAP), 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012). A pending application does not suffice. *Id.*; *see also Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ.1980(LBS), 2012 WL 423350, at *5 (S.D.N.Y. Feb. 7,

---

(Alphabet Mem. 9–11.) Because I dismiss Plaintiff's trademark infringement claim for failure to state a claim, I do not address Defendants' alternative arguments for dismissal.

9

2012) (dismissing copyright infringement claims because alleged pending application for copyright registration was insufficient to satisfy the registration requirement).

Plaintiff has not complied with the Copyright Act's registration requirement. In his Amended Complaint, Plaintiff merely alleges that the logo he sketched "has been filed and documented at the United States Copyright Office," (Am. Compl. ¶ 39), without providing dates or any details related to the purported filing. Plaintiff does not state that his work has actually been registered or rejected, a prerequisite to bringing this cause of action, therefore warranting its dismissal. *See, e.g.*, *Accurate Grading Quality Assurance, Inc. v. Thorpe*, No. 12 Civ. 1343(ALC), 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) (dismissing copyright claims where plaintiffs only alleged infringement of a "legally protected image," finding that such an allegation "stop[s] short of alleging that [p]laintiffs had copyright protection or had sought copyright protection and been refused at the time of the complaint").

In his opposition brief Plaintiff claims, for the first time, that he has "registered the artwork with the U.S. Copyright Office" and attaches a certificate of registration from the Copyright Office. (Pl.'s Opp. 8, Ex. C.)[6] Putting to the side for the moment the fact that Plaintiff's assertion in his opposition could be read to call into question the veracity of the allegation in his Amended Complaint, the certificate of registration—which Plaintiff apparently applied for on June 29, 2016, more than a month after filing this suit on May 6, 2016—is also insufficient as a matter of law to support a cause of action for infringement since pending applications do not suffice to satisfy the registration requirement. *See Drum Major Music Entm't Inc.*, 2012 WL 423350, at *5.

For these reasons, Plaintiff's allegations are insufficient to state a claim for copyright

---

[6] "Pl.'s Opp." refers to Plaintiff's Opposition to the Motion to Dismiss, dated July 31, 2017. (Doc. 36.)

infringement, and his cause of action for copyright infringement must be dismissed.[7]

### C. *Intentional and Negligent Infliction of Emotional Distress*

Plaintiff asserts claims of intentional and negligent infliction of emotional distress, stating that Defendants' misappropriation of Plaintiff's work caused him to suffer emotional and psychological trauma. (Am. Compl. ¶¶ 26, 28, 31, 32, 39, 50–54.)

Plaintiff's state law causes of action for intentional and negligent infliction of emotional distress are preempted by Section 301 of the Copyright Act. Section 301 preempts a state law claim when "(i) the work at issue 'comes within the subject matter of copyright' and (ii) the right being asserted is 'equivalent to any of the exclusive rights within the general scope of copyright.'" *Faktor v. Yahoo! Inc.*, No. 12 Civ. 5220(RA), 2013 WL 1641180, at *4 (S.D.N.Y. Apr. 16, 2013) (quoting 17 U.S.C. § 301(b)). The first prong, referred to as the "subject matter requirement," is satisfied when the state law claim "applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004). If the ideas that are the subject of the claim are "fixed in writing . . . the claim is within the subject matter of copyright." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 430 (2d Cir. 2012). The work "need not consist entirely of copyrightable material" but must "only fit into one of the copyrightable categories in a broad sense." *Briarpatch*, 373 F.3d at 305; *see also Universal City Studios, Inc. v. T-Shirt Gallery, Ltd.*, 634 F.

---

[7] Defendants further assert that Plaintiff's copyright claim is deficient because Plaintiff fails to allege any plausible facts as to when or how Alphabet actually copied Plaintiff's purported work. (Alphabet Mem. 14–15.) Cengage also argues that Plaintiff's copyright infringement claim is barred by the statute of limitations. (Cengage Mem. 2–3.) Because I find that Plaintiff's failure to register necessitates dismissal of his copyright infringement claim, I do not address Defendants' other arguments for dismissal. "Cengage Mem." refers to Cengage's Notice of Joinder in Co-Defendant Alphabet Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 8 and 12(b)(6), dated June 9, 2017. (Doc. 35.)

Supp. 1468, 1475 n.7 (S.D.N.Y. 1986).

Under the second prong, referred to as the "general scope requirement," a "state right is equivalent to copyright if the state right is infringed by the mere act(s) of reproduction, performance, distribution or display," *Universal City Studios*, 634 F. Supp. at 1475 (internal quotation marks omitted). A state law claim is only exempt from preemption if an "'extra element' changes the nature of the action so that it is qualitatively different from a copyright infringement claim . . . . An action will not be saved from preemption by elements such as awareness or intent, which alter the action's scope but not its nature." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 717–18 (2d Cir. 1992) (internal quotation marks omitted).

Both prongs are satisfied here. First, Plaintiff alleges that his ideas were sketched on a piece of paper and thus fixed in writing. Second, Plaintiff's emotional distress claims do not contain any "extra element" that changes the nature of the action. A claim for intentional infliction of emotional distress requires a plaintiff to show "(1) extreme and outrageous conduct, (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress, (3) a causal connection between the conduct and injury, and (4) severe emotional distress." *Night Hawk Ltd. v. Briarpatch Ltd.*, No. 03 Civ. 1382 RWS, 2003 WL 23018833, at *7 (S.D.N.Y. Dec. 23, 2003). A claim for negligent infliction of emotional distress requires a plaintiff to show "(1) that the defendant unreasonably endangered the physical safety of plaintiffs or caused them to fear for their safety, (2) causation, and (3) emotional injuries." *Y.D. v. N.Y.C. Dep't of Educ.*, No. 14CV1137-LTS, 2016 WL 698139, at *8 (S.D.N.Y. Feb. 19, 2016) (internal quotation marks omitted). Plaintiff's claims for both intentional and negligent infliction of emotional distress arise from the same underlying conduct as his copyright infringement claim— that Defendants copied and used Plaintiff's purported work without permission—and do nothing

more than seek to vindicate the same rights that federal copyright laws protect. *See, e.g.*, *Giddings v. Vision House Prod., Inc.*, No. CV 05-2963-PHX-MHM, 2007 WL 2274800, at *2 (D. Ariz. Aug. 7, 2007) (finding emotional distress claim preempted because the extreme and outrageous conduct plaintiff relied upon to establish her claim was rooted in defendants' unauthorized reproduction and distribution of plaintiff's work); *Rainey v Wayne State Univ.*, 26 F. Supp. 2d 963, 969 (E.D. Mich. 1998) (finding emotional distress claim preempted because "the extreme and outrageous conduct which plaintiff relies upon to prove her claim is the unauthorized reproduction of her artwork," which "is exactly what copyright law protects").

Accordingly, Plaintiff's tort claims for intentional and negligent infliction of emotional distress are dismissed as preempted by the Copyright Act.[8]

### D. *Unjust Enrichment*

Plaintiff asserts a cause of action for unjust enrichment asserting that Defendants, by acquiring and using his unauthorized marks, profited at his expense and were unjustly enriched. (Am. Compl. ¶¶ 60–64.)

Like the claims for emotional distress, the Copyright Act preempts Plaintiff's state law claim for unjust enrichment. *See supra* Part IV.C. "It is well-settled law in this circuit that an unjust enrichment claim based on copyrighted subject matter is preempted by the Copyright Act, because a claim for unjust enrichment contains no 'extra element' that makes it qualitatively different from a copyright infringement claim." *Stanacard, LLC v. Rubard, LLC*, No. 12 Civ. 5176, 2016 WL 462508, at *22 (S.D.N.Y. Feb. 3, 2016); *accord, e.g.*, *Briarpatch*, 373 F.3d 296, 306 (2d Cir. 2004) ("While enrichment is not required for copyright infringement, we do not

---

[8] In addition to preemption, Defendants contend that Plaintiff's emotional distress claims must be dismissed because they are without merit. Because I find that the claims are preempted, I do not address Defendants' alternative argument for dismissal.

13

believe that it goes far enough to make the unjust enrichment claim qualitatively different from a copyright infringement claim."); *U.S. Tennis Ass'n, Inc. v. VSW Prods. LLC*, No. 13-CV-4124 (NSR), 2013 WL 12195853, at *4 (S.D.N.Y. Nov. 6, 2013) ("The overwhelming majority of courts in this circuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted."); *Affiliated Records Inc. v. Taylor*, No. 09 Civ. 9938(KBF), 2012 WL 1675589, at *5 (S.D.N.Y. May 14, 2012) (noting that "[i]t is well-settled that the extra element of 'enrichment' does not make that claim qualitatively different from a copyright infringement claim").

Thus, the Copyright Act exclusively governs Plaintiff's allegations pertaining to unjust enrichment and this claim is dismissed.[9]

### E. *New York Arts and Cultural Affairs Law*

Plaintiff claims that by engaging in copyright and trademark infringement of his visual art, Defendants have violated Section 31.04 of the New York Arts and Cultural Affairs Law. (Am. Compl. ¶¶ 12–14, 22, 34, 65–69.) However, Section 31.04 relates to the payment of royalties to performing rights societies for public performances of copyrighted "nondramatic musical work[s]." N.Y. Arts & Cult. Aff. Law § 31.04. In other words, it has nothing to do with Plaintiff's claims related to trademarks or drawings. In his opposition brief, Plaintiff contends, for the first time, that NYACAL Section 14.03 is also applicable. (Pl.'s Opp. 25.) But Section 14.03 protects the moral rights of "fine art" authors by prohibiting the public display of "an altered, defaced, mutilated or modified form if the work is displayed, published or reproduced as being the work of the artist." N.Y. Arts & Cult. Aff. Law § 14.03(1). None of that is alleged

---

[9] Defendants also argue that Plaintiff cannot state a claim for unjust enrichment. However, I find that Plaintiff's unjust enrichment claim is preempted and do not address Defendants' other argument for dismissal.

14

here. Rather, Plaintiff asserts that "Defendants have used [his] copyright without giving Plaintiff, the original owner, recognition, and accreditation for [his] accomplished work and contributions." (Pl.'s Opp. 9.)

Because the NYACAL is not applicable to the factual circumstances alleged here, the causes of action based on the NYACAL are dismissed.[10]

### F. *Federal Trade Commission Act*

Finally, Plaintiff alleges that Defendants violated the FTC Act by engaging in "unfair methods of competition, and unfair or deceptive acts or practices in or affecting commerce." (Am. Compl. ¶¶ 55–59.) However, the FTC Act does not provide for a private right of action. *Meng v. Xinhuanet Co.*, No. 16 Civ. 6127 (ER), 2017 WL 3175609, at *3 (S.D.N.Y. July 25, 2017); *accord, e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Oliver v. U.S. Bancorp*, No. 14-CV-8948 (PKC), 2015 WL 4111908, at *6 (S.D.N.Y. July 8, 2015) (dismissing FTC Act claims because "it is well settled that there is no private right of action under the statute").

Therefore, Plaintiff's FTC Act claims are dismissed.

### G. *Dismissal with Prejudice*

Complaints brought pro se typically are dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (stating that unless there is no indication that the pro se plaintiff will be able to assert a valid claim giving rise to subject matter jurisdiction, leave to

---

[10] Defendants claim that even if Plaintiff's NYACAL claims were relevant to the copyright alleged in this case, the Copyright Act would preempt the claims. Because I find that these claims are dismissed on other grounds, I do not address Defendants' additional grounds for dismissal.

15

amend should be given). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). However, "leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). Here, Plaintiff has already unsuccessfully attempted to amend his complaint to address the deficiencies identified by Defendants. In addition, at the August 26, 2016 pre-motion conference, during the discussion about Plaintiff's request to amend his complaint, I advised Plaintiff at least twice that his amended complaint should include all of the information that he believed supported his claims. (Doc. 15 at 12:24-13:1 ("So this is the time for you to put all of the information that you have that supports your claim into the complaint."), 13:18-19 ("So I think the complaint needs to have all the information that you believe supports your claim.").) Therefore, since Plaintiff has already amended his complaint once, and based on the farfetched nature of the allegations in Plaintiff's Amended Complaint concerning his alleged creation of the marks "google" or "alphabet" more than two decades ago only to have them stolen by unidentified individuals who somehow thereafter connected with individuals affiliated with Google and/or Alphabet, thereby enabling those companies to use Plaintiff's marks, I find that any effort by Plaintiff to further amend his claims would be futile. *See Wang v. Palmisano*, 157 F. Supp. 3d 306, 341 (S.D.N.Y. 2016). Therefore, the Amended Complaint is dismissed with prejudice.

## V. Conclusion

For the foregoing reasons, Defendants' motion to dismiss, (Doc. 32), is GRANTED with prejudice. I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk's Office is respectfully directed to mail a copy of this Opinion and Order to the pro se Plaintiff, enter judgment for Defendants, and close this case.

SO ORDERED.

Dated: March 28, 2018
New York, New York

Vernon S. Broderick
United States District Judge